**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
S. Mohammad Kazerouni, Esq. (SBN 252835)
Assal Assassi, Esq. (SBN 274249)
2700 North Main Street, Ste. 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff,
Jason Ibey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON IBEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br>V.<br>TACO BELL CORP.,<br><br>DEFENDANT. | **Case No.:** 12-CV-00583-H-WVG<br><br>**CLASS ACTION**<br><br>**First Amended Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

INTRODUCTION

1. JASON IBEY ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Taco Bell Corp. ("Defendant"), in negligently, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to their own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and the County of San Diego.

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a, "person" as defined by 47 U.S.C. § 153 (10).

5. Plaintiff is informed and believe, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in Irvine CA. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10). Defendant runs various marketing campaigns, advertising its national restaurants through the use of text messaging. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, "person" as defined by 47 U.S.C. § 153 (10).

7. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

8. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

9. On or about February 14, 2012, Plaintiff received a receipt from Defendant inviting him to enter a promotion by completing a survey about Defendant. This entailed Plaintiff texting the word "TACO" to the number "91318," which he did.

10. On the back of the receipt, buried amongst other text, in very small lettering, Defendant stated:
    > "Please visit www.tellthebell.com for previous winners and complete sweepstakes details."

11. In no way, shape or form did the writing on the receipt inform Plaintiff that the information on the website also included terms and conditions where he was consenting to being harassed by text message marketing even if he had decided to request Defendant cease any such activity.

12. In response to his text, Plaintiff received the following text from defendant: "Click on this link to start your TACO BELL survey http://1pt.mobi/216wkt."

13. Shortly thereafter, Plaintiff had second thoughts about continuing with this survey and decided that he wished to cease such communication with Defendant.

14. Plaintiff wanted to make sure that he would not receive unsolicited text messages on his cellular telephone from Defendant. Thus, Plaintiff sent the word "STOP" to the same number, "91318."

15. Only if Plaintiff had pressed the link "http://1pt.mobi/216wkt" in the initial text from Defendant, would Plaintiff have known that there may be terms and conditions where he would be waiving away substantive rights, such as consenting to being harassed by text message marketing even if he had decided to request Defendant cease any such activity.

16. Even if Plaintiff had continued to press the "http://1pt.mobi/216wkt" link, the link that would actually lead him to the terms and conditions page where consent regarding text messaging was discussed was on a page entitled "Sweepstakes Rules." This clearly

would have not led Plaintiff to believe that hidden within the links were rules regarding his privacy rights. In fact there is another link on the same page as the "Sweepstakes Rules" link entitled "Privacy Policy" which would be the logical link for such disclosures. However, nothing on that page makes disclosures regarding the Defendant's terms and conditions regarding to Plaintiff's privacy rights as it relates to receiving text messages on his cellular telephone from defendant.

17. Thus, even if Plaintiff had reached this stage with the links, he would have skipped straight to the survey, as he would have been induced to skip the link regarding important terms regarding his privacy rights due to the misleading labeling and hiding of such important information.

18. Despite having expressly informed Defendant to stop sending any form of text message to Plaintiff, Defendant then *immediately* sent an unsolicited text message in response. The content of the message was as follows:

"U r unsubscribed and will no longer

receive msgs or chgs from OnePoint Surveys.

?s call 1-646-216-2032. Msg&Data rates may apply"

19. This unsolicited text message advertisement placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A). The immediacy of Defendant's response to Plaintiff's 'STOP" request demonstrated that there was no human intervention on the part of the Defendant.

20. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiffs incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

21. These telephone calls constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A). Even if Plaintiff had

given consent, his last text to Defendant withdrew any prior express consent to Defendant by sending the message "STOP."

23. The telephone call by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

25. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited confirmatory text messages and/or any other unsolicited text messages from Defendant after any class member sent a reply text message, "STOP," to Defendant in response to a text message sent by Defendant, which text message was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

26. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant placed any confirmatory text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

    b) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c) Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received at least one unsolicited and one unsolicited confirmatory text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff have no interests antagonistic to any member of the Class.

32. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

FIRST CAUSE OF ACTION

NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227 ET SEQ.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//
//
//
//
//

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF

THE TCPA, 47 U.S.C. § 227 ET SEQ.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

42. Any other relief the Court may deem just and proper.

TRIAL BY JURY

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: May 14, 2012        **KAZEROUNI LAW GROUP, APC**

By:  /s Abbas Kazerounian
     Abbas Kazerounian
     Attorneys for Plaintiffs