# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON IBEY, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br>  vs.<br><br>TACO BELL CORP.,<br>                           Defendant. | CASE NO. 12-CV-0583-H (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**AND**<br><br>**(2) GRANTING PLAINTIFF 30 DAYS LEAVE TO AMEND** |

On May 25, 2012, Defendant Taco Bell Corp. filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative for summary judgment. (Doc. No. 15.) Plaintiff filed his opposition on June 11, 2012. (Doc. No. 17.) Defendant filed its reply on June 18, 2012. (Doc. No. 19.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that these matters are appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing scheduled for June 25, 2012. For the following reasons, the Court grants Defendant Taco Bell's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and grants Plaintiff 30 days leave to amend to cure the deficiencies in the complaint.

///

///

**Background**

Plaintiff alleges that on or about February 14, 2012, he responded to an invitation to complete a survey about Taco Bell, and Plaintiff voluntarily sent a text message from his mobile phone to the number 93138. (Doc. No. 13 ¶ 9.) In response to his text message, Plaintiff alleges he received a text message providing instructions on how to complete the survey. (Id. ¶ 13.) Plaintiff alleges that shortly thereafter, he had second thoughts about continuing the survey and decided that he wished to cease communications with Taco Bell. (Id. ¶ 13.) To cease communications, Plaintiff allegedly sent the word "STOP" to the same number, 91318. In response to Plaintiff's STOP message, Plaintiff alleges that Taco Bell sent Plaintiff a text message confirming that he had opted out of receiving text message notifications. (Id. ¶ 14.)

Plaintiff alleges that the confirmation text message constituted an unsolicited text-message advertisement and was placed via an "automatic telephone dialing system" ("ATDS"), prohibited by the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1). (Id. ¶ 19.) In response, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. No. 15.)

**Discussion**

**I.  Judicial Notice**

In general, the scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant submits for judicial notice Plaintiff Jason Ibey's professional LinkedIn profile page and Mobile Marketing Association U.S. Consumer Best Practices. (Doc. No. 15.) Plaintiff opposed judicial notice of both documents. (Doc. No. 18.) The Court declines to take

1 judicial notice of the LinkedIn page or the Mobile Marketing Association U.S. Consumer Best Practices. The Court concludes that Plaintiff's LinkedIn page may not be properly subject to judicial notice because Plaintiff's employment status is not generally known within the Court's jurisdiction, and LinkedIn is not a source whose accuracy cannot be reasonably questioned. See Fed. R. Evid. 201(b). Likewise, the contents of the Mobile Marketing Association U.S. Consumer Best Practices are not generally known within the Court's jurisdiction and are not a source whose accuracy cannot be reasonably be questioned. Accordingly, the Court denies Defendant's request for judicial notice.

## II.     Legal Standards for Motion to Dismiss Pursuant to 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Wright & Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

///

1  As a general matter, a court may not consider any material beyond the pleadings in deciding a Rule 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). If the court considers matters outside of the pleadings, the court must treat the motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure "and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." See Fed. R. Civ. P. 12(b); see also Hal Roach Studios, Inc., 896 F.2d at 1555 n.19.

## II.   Telephone Consumer Protection Act

Plaintiff brings his claims under section 227(b)(1)(A)(iii) of the Telephone Protection Act ("TCPA"). The TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), states:

> It shall be unlawful for any person within the United States . . . to make any call other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.

The Ninth Circuit has held that a text message is a call within the meaning of the TCPA. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009). Furthermore, the TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." 47 U.S.C. § 227(a)(1). "[A] system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the capacity to do it." Satterfield, 569 F.3d at 951.

### A.   Unsolicited Text Message

Defendant argues that the legislative history of the TCPA indicates that the statute cannot be read to impose liability for a single, confirmatory opt-out message. (Doc. No. 15.) The Court agrees. The Court concludes that the TCPA does not impose liability for a single, confirmatory text message.

The TCPA's statutory and legislative history emphasize that the statute's purpose is to prevent unsolicited automated telemarketing and bulk communications. S. Rep. 102-178, at

4-5 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1972. Further, the Ninth Circuit has explained that "the purpose and history of the TCPA indicate that Congress was trying to prohibit use of ATDSs in a manner that would be an invasion of privacy." Satterfield, 569 F.3d at 954.

Here, Plaintiff expressly consented to contact by Defendant when he initially texted 91318 to Defendant. (Doc. No. 13 ¶ 9.) When Plaintiff decided he no longer wanted to receive in text communications, Plaintiff allegedly notified Defendant that he wished to stop communications, and Defendant allegedly confirmed its receipt of the message and Plaintiff's removal from Defendant's text-message communication list. (Id. ¶¶ 13-14.) Defendant's single, confirmatory text message did not constitute unsolicited telemarketing; Plaintiff had initiated contact with Defendant. Further, Defendant's sending a single, confirmatory text message in response to an opt-out request from Plaintiff, who voluntarily provided his phone number by sending the initial text message, does not appear to demonstrate an invasion of privacy contemplated by Congress in enacting the TCPA. To impose liability under the TCPA for a single, confirmatory text message would contravene public policy and the spirit of the statute—prevention of unsolicited telemarketing in a bulk format. Accordingly, the Court grants Defendant's motion to dismiss and provides Plaintiff 30 days leave to amend to correct the deficiencies of the complaint.

**B.  Use of ATDS**

In Plaintiff's complaint, he alleges that the unsolicited text message advertisement was placed via an "automatic telephone dialing system" ("ATDS"), as prohibited by the TCPA. (Doc. No. 13.) Defendant challenges the sufficiency of the complaint by asserting that Plaintiff provided only a conclusory allegation as to Defendant's use of an ATDS to send text messages. (Doc. No. 15.)

The Court concludes that Plaintiff has not sufficiently pled the use of an ATDS. To constitute an ATDS under the statute, the equipment must have the capacity to store or produce telephone numbers to be sent text messages and use a random or sequential number generator to text the numbers. 47 U.S.C. § 227(a)(1). In a conclusory manner, Plaintiff alleges that

Defendant used an ATDS. (Doc. No. 13 ¶ 19.) Nevertheless, Plaintiff neither specifies that the device has the capacity to store or produce telephone numbers nor that the system uses a random or sequential number general to text message the numbers. (See Doc. No. 13.) To the contrary, it appears to the Court that Plaintiff alleges that Defendant sent an immediate reply directly to Plaintiff. (Id. ¶¶ 18-19.) According to Plaintiff's allegations, the text message did not appear to be random but in direct response to Plaintiff's message. (See id.) Further, Plaintiff's allegation that there "was no human intervention on the part of the Defendant" does not satisfy or allege the requirements of the statute. (See id. ¶ 18.) On these facts, it appears Defendant could be entitled to summary judgment because there does not appear to be a genuine dispute of material fact. Nevertheless, the Court declines to grant summary judgment at this time. Instead, the Court concludes that Plaintiff's complaint fails to sufficiently plead the use of an ATDS within the meaning of the TCPA. Therefore, the Court grants Defendant's motion to dismiss and provides Plaintiff 30 days leave to amend to correct the deficiencies of the complaint.

## **Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss without prejudice and provides Plaintiff 30 days leave to amend the deficiencies of the complaint.

**IT IS SO ORDERED.**

DATED: June 18, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT